Reed, J.,
delivered the opinion of the court.
Appellant was in the possession and occupation of certain premises in the city of Pueblo, kept by him as a saloon. The title of the property had, it appears, been in dispute, and litigated between appellees and other parties. Appellees succeeded in establishing their title. Writs, of possession were issued and delivered to an officer for service. Appellant was given an election to vacate the premises he occupied, or to recognize the title of appellees and lease from them. He chose the latter alternative, and executed a lease from month to month at a rental of $19.20 per month, pajmble monthly in advance. The lease was executed the 1st day of May, 1891, and he remained in possession of premises until March 1, 1892, or later. During that time he had paid rent from time to time, aggregating over $80.00, leaving unpaid, as conceded, $109.40. This suit was brought before a justice of the peace to recover the balance of the rent, an appeal taken to the county court, a trial had to a jury, resulting in a verdict and judgment for appellees (plaintiffs) for $36.46, from which this appeal was prosecuted.
As before stated, it was conceded that, if any rent was due and payable, the amount was $109.40. As no attempt was made upon the trial to reduce the amount, and it was not *337 questioned, the first conundrum is how the jury found. 136.46, and the court accepted the verdict, but, as no cross errors are assigned, it is unimportant.
The defense interposed, if not ingenious, is certainly novel, —a defense without precedent. It was urged upon the trial: First. That the lease was void for want of proper description of the premises. Considerable evidence was introduced to show that there was a technical misdescription of the property by metes and bounds. If such was the fact, it was immaterial, as the property was sufficiently defined by the words, “ on which there is now a frame building, occupied by the said party of the second part, and used as a saloon; the said premises last above described being those now occupied by the party of the second part.” There could be no mistake in regard to the demised premises. Both parties must have been fully advised of the subject-matter of the lease. No claim was made that the lessee had been disturbed in his possession of the entire premises for which he • contracted.
Second. The main defense relied upon was that the lease was obtained by duress; consequently void. This is urged in argument through many printed pages, showing great industry and research in collecting authorities supposed to sustain the position. Much energy and ability was exhausted in defining and explaining the laws of duress, ancient and modern, and the marked distinction existing between the two. There is no question but that the law upon the subject has been, as in every other department, progressive. But if the facts presented constitute duress, this case must be not only very modern, but quite in advance of the law. How a court could entertain such vagaries, and treat them seriously, as questions of law, is beyond our comprehension. The lease was from month to month only; might have been terminated at the end of any month. The lessee continued to occupy the premises, paying rent from time to time at his convenience, or as his circumstances would permit, until he had paid over four months. He retained the possession ten *338 rnonths, until over $100 was in arrear, then interposed this novel defense, to establish which he was not only compelled to show duress in the execution of the lease in the first instance, hut continued duress, compelling him to remain in the possession of the property from month to month for nearly a year. The suit was instituted before a justice of the peace. There were no written pleadings. The lease was, if for no other purpose, admissible to show the beginning of the term, and the agreed price, and might have been disregarded in other respects, and the suit maintained for use and occupation. If there was, as supposed, duress, it could only cover the first month of the term, for at the end of the month it was optional with the lessee to remain or move, and he chose to remain. If it is duress by the owner of the property to require a tenant to pay rent or vacate, an entirely new element of the law of duress is ingrafted.
. The only discernible error in the matter was in the court’s recognizing the defense presented, and of this the c'ounsel of . appellant cannot complain. The title to the premises was conceded. The only evidence in support of the contention was — First, that appellant was required to elect whether he would recognize the title and pay rent or remove, and he chose the latter; second, the evidence of the defendant that he was an Austrian by birth, had been in this country nine years, had never been to school in America, and could not read English. No claim of compulsion or fraud, nor that the terms of the lease- were not explained and fully understood. Yet on this unimportant testimony'the defense is introduced, admitted, and the court, upon its own motion, exhausts itself in giving two and one half printed pages of instructions, two and one half pages prayed by the plaintiff and one and one half pages on th.e prayer of defendant, upon a question in no -way involved, and exceptions were taken to the refusal of. the court to give two pages more asked by the appellant. The defense of duress, proper in its place, was entirely misconceived in this instance. The judgment of the lower court will be affirmed.

Affirmed.